IN THE UNITES STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CARNES FUNERAL HOME, INC.,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| **ALLSTATE INSURANCE COMPANY,** | § § § § | |
| Defendant. | § § | |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE UNITED STATES DISTRICT COURT:

Plaintiff, Carnes Funeral Home, Inc. ("Carnes"), files this Original Complaint for Declaratory Judgment and respectfully shows this Court:

### THE PARTIES

1. Plaintiff Carnes is a corporation incorporated in the State of Texas, with its principal place of business in Texas City, Texas.

2. Defendant Allstate Insurance Company ("Allstate") is a corporation incorporated in the State of Illinois, having its principal place of business in Northbrook, Illinois. Allstate may be served with process by serving its registered agent CT Corporation System, 1999 Bryan Street, Dallas, Texas 75201-3136.

## JURISDICTION

3. The Court has jurisdiction over this matter under the Declaratory Judgment Act, 28 U.S.C. §2201, and upon complete diversity of citizenship pursuant to 28 U.S.C. §1332. This is a civil action between citizens of different States, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Jurisdiction is also proper because the issue presented in this suit - whether Allstate has a duty to defend Carnes in an underlying liability lawsuit - is ripe for adjudication and presents a justiciable controversy.

4. Venue is proper in the Southern District of Texas under 28 U.S.C. §§ 1391(b)(1) and (2), because one or more of the parties resides in Harris County and because all or a substantial part of the alleged events giving rise to this action occurred in Harris County.

## BACKGROUND

5. This is an action for declaratory judgment to determine the parties' rights and obligations under a commercial general liability policy issued to Carnes, which has been sued in a lawsuit styled *Kristin Parras v. Carnes Funeral Home, Inc.*, No. 2019-67238, in the 80th Judicial District Court of Harris County, Texas (the "Underlying Lawsuit"). In the Underlying Lawsuit, Allstate is defending Carnes under a reservation of rights but asserts that coverage under the policy is "questionable or perhaps doubtful," and reserves the right to withdraw the defense.

6.  In the Underlying Lawsuit, Kristin Parras ("Parras") alleges that her mother, Laura Lee Jones, passed away on January 15, 2018. Parras alleges that shortly thereafter she contacted Carnes seeking professional services for the arrangement and disposition of the deceased. She alleges that she executed a written contract for such services, which included "removal" of the body from the Harris County Institute of Forensic Sciences ("HCIFS") to Carnes for cremation. According to the "live" petition, removal is a term used in the industry, and is a professional service offered by Carnes whereby the director will transport the deceased to the funeral home.

7.  Parras alleges that Justin Carr and Dan Davis were both licensed funeral directors, and that they, on behalf of Carnes, removed Ms. Jones' body from HCIFS on January 19, 2018. Carnes obtained the body of the deceased in a special, custom vehicle used in the furtherance of Carnes' professional services, referred to as a "removal vehicle". The custom motor vehicle is allegedly designed with multiple doors with removable trays/tables to load and unload bodies.

8.  Parras alleges that in the course of transporting Mrs. Jones' body, Carnes carelessly allowed the body to fall out of the vehicle on Old Spanish Trail in Houston, Texas, and failed to realize the body left the vehicle and continued on, leaving the body behind. A Good Samaritan found the body strapped to a gurney, in a ditch near the corner of Greenbriar and Old Spanish Trail Tim Baker, Executive

Director of Carnes, allegedly stated that "[i]t appears a door was not properly secured and it allowed the decedent to come out . . .."

9. Parras alleges that Carnes had a professional duty as a licensed funeral director to care, supervise, and guide the burial or cremation process from the time Parras sought the services until the body was properly buried or cremated, and that Carnes had this professional duty to supervise every aspect of the handling of the body from the employment to conclusion. Parras alleges that Carnes was negligent in several respects, including failing to properly inspect the vehicle and failing to follow the transportation checklist and Carnes' own policies and procedures. Carnes further alleges that Carnes' actions constituted violations of the Texas Deceptive Trade Practices Act ("DTPA"). As a direct result of Carnes' misconduct, Parras alleges that she suffered mental anguish and other damages.

## THE ALLSTATE POLICY

10. Allstate issued to Carnes a Commercial General Liability Policy with a Funeral Directors Liability Coverage Endorsement, policy number 648650685, with a policy period of July 24, 2017 to July 24, 2018 (the "Policy"). The Funeral Directors Liability Coverage Form provides liability coverage of $1,000,000 for each wrongful act and a $2,000,000 aggregate limit. The Funeral Directors Liability Coverage Form provides coverage for "bodily injury, including mental anguish," and states, in relevant part:

## FUNERAL DIRECTORS LIABILITY COVERAGE FORM

\* \* \*

1. **INSURING AGREEMENT**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of the insured's wrongful acts to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided in 3., Supplemental Payments:

    This insurance applies to:

    (1) Bodily injury, including mental anguish, and

    (2) property damage caused by a wrongful act which occurs during the policy period arising out of the rendering of professional services as a funeral director or embalmer.

    We shall have the right and duty to defend any suit against an insured seeking those damages but:
    \* \* \*

    (4) If this insurance does not apply, we have no duty to defend.

11. The Funeral Directors Liability Coverage Form contains the following definitions:

    b. **"Mental anguish"** means extreme distress of the mind.

    \* \* \*

    f. **"Wrongful act"** means a negligent act, error or omission in the rendering of professional services as a funeral director or embalmer.

## DECLARATORY RELIEF SOUGHT

12. Carnes seeks a declaration that Allstate has a duty to defend Carnes for the claims asserted against it in the Underlying Lawsuit. Specifically, Allstate has a duty to defend Carnes because Parras' live petition in the Underlying Lawsuit alleges that Parras sustained mental anguish because of one or more "wrongful acts" committed by Carnes during the policy period, arising out of the rendering of professional services as a funeral director.

## PRAYER

Wherefore, Carnes requests that the Court enter a judgment declaring that Allstate has a duty to defend Carnes in the Underlying Lawsuit. Carnes further requests that the Court award it all other and further relief to which it may show itself entitled at law or in equity.

Respectfully submitted,

*/s/ Alexander N. Beard*
Alexander N. Beard
State Bar No. 01970000
Haley Heinrich
State Bar No. 24092399

**SAUNDERS, WALSH & BEARD**
Craig Ranch Professional Plaza
6850 TPC Drive, Suite 210
McKinney, Texas 75070
(214) 919-3555 Telephone
(214) 945-4060 Telecopier
Alex@SaundersWalsh.com
Haley@SaundersWalsh.com

**ATTORNEYS FOR PLAINTIFF
CARNES FUNERAL HOME, INC.**